Query    Reports    Utilities    Help    What's New    Log Out

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CRIMINAL DOCKET FOR CASE #: 2:22-mj-03182-MTM All Defendants

Case title: USA v. Defrees

Date Filed: 06/16/2022

Other court case number: 3:22-cr-00184-SI District of Oregon, Portland Division

Date Terminated: 06/21/2022

---

Assigned to: Magistrate Judge Michael T Morrissey

**Defendant (1)**

**Michael James Defrees**
48019-086
*TERMINATED: 06/21/2022*

represented by **Matthew Joseph Deates**
Federal Public Defenders Office - Phoenix
850 W Adams St., Ste. 201
Phoenix, AZ 85007
602-382-2700
Email: matthew_deates@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

Rule 5 Indictment: Counts 1 and 2 -
18:1343, Wire Fraud; Count 3 - 18:1344,

**Disposition**

Bank Fraud; Count 4 - 18:1957, Money
Laundering; Forfeiture Allegations

_____

**Plaintiff**

**USA**                                represented by   **Aron J Ketchel**
                                                        US Attorneys Office - Phoenix, AZ
                                                        2 Renaissance Square
                                                        40 N Central Ave., Ste. 1800
                                                        Phoenix, AZ 85004-4408
                                                        602-514-7500
                                                        Email: aron.ketchel@usdoj.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/15/2022 | 1 | Arrest of Michael James Defrees on 6/15/2022 (Rule 5 Indictment - Arrest Warrant from the District of Oregon, Portland Division). (MRH) (Entered: 06/16/2022) |
| 06/16/2022 | 2 | MINUTE ENTRY for proceedings held before Magistrate Judge Michael T. Morrissey: Initial Appearance as to Michael James Defrees held on 6/16/2022. FINANCIAL AFFIDAVIT TAKEN. The Court finds it is appropriate appoint AFPD Matthew Joseph Deates for defendant provisionally, for Arizona proceedings only. Identity Hearing is waived. The Court finds the identity of the defendant is established. Detention Hearing held. The government is not requesting detention. Defendant ordered released on own recognizance with conditions. Defendant directed to appear for further proceedings in the District of Oregon, as directed by counsel.<br><br>**Appearances**: AUSA Aron Ketchel for the Government, AFPD Matthew Deates for defendant. Defendant is present and in custody. (Recorded by COURTSMART.) Hearing held 3:22 PM to 3:33 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (LMR) (Entered: 06/16/2022) |
| 06/16/2022 | 3 | ORDER Setting Conditions of Release as to Michael James Defrees. Signed by Magistrate Judge Michael T. Morrissey on 6/16/22.(LMR) (Entered: 06/16/2022) |
| 06/16/2022 | 4 | SEALED CJA 23 Financial Affidavit by Michael James Defrees. (LMR) (Entered: 06/16/2022) |
| 06/17/2022 | 6 | NOTICE re: PASSPORT as to Michael James Defrees. Defendant is not permitted to apply for the issuance of a passport and/or passport card during the pendency of this action. (MHW) (Entered: 06/17/2022) |
| 06/21/2022 | 7 | ORDER TO APPEAR IN DISTRICT WHERE CHARGES ARE PENDING - District of Oregon, Portland Division as to Michael James Defrees. Signed by Magistrate Judge Michael T. Morrissey on 6/17/2022.(LMR) (Entered: 06/21/2022) |
| 06/21/2022 | 8 | Notice to District of Oregon, Portland Division of a Rule 5 or Rule 32 Initial Appearance as to Michael James Defrees. Your case number is: 3:22-cr-00184-SI. Please use PACER Court Links to access the public docket and documents. Any necessary sealed or ex parte |

documents will be sent in a separate e-mail.

*(If you wish to designate a different email address for future transfers, please send your request to the national list host at InterdistrictTransfer_TXND@txnd.uscourts.gov.)*
(LMR) (Entered: 06/21/2022)

DOA
6-15-22

FILED 17 MAY '22 15:40 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

AZ. no. 22 - 3182 MJ

| UNITED STATES OF AMERICA | 3:22-cr-184-S1 |
| --- | --- |
| v. | INDICTMENT |
| MICHAEL JAMES DEFREES, | 18 U.S.C. §§ 1343, 1344, 1957 and Forfeiture Allegations |
| Defendant. | UNDER SEAL |

### THE GRAND JURY CHARGES:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this indictment:

1.     **MICHAEL JAMES DEFREES ("DEFREES"),** defendant herein, was a resident of Portland, Oregon. He was serving or had recently discharged a term of probation as a result of his felony conviction for falsifying records in a bankruptcy, in violation of Title 18, United States Code, Section 1519. Specifically, **DEFREES** was convicted of that offense in United States District Court for the Western District of Washington case number 3:16C0547RBL-001 on June 22, 2017. He was sentenced on that date to serve three years' probation and to pay restitution of approximately $1.7 million. On or about June 17, 2020, the United States District Court for the District of Oregon extended **DEFREES**'s probation for six months, to conclude on December 22, 2020, in case number 3:17-CR-00318-MO.

**Indictment**                                                                    **Page 1**
Revised April 2018



2.      Gateway National Corporation ("Gateway") was a construction business incorporated in the State of Washington with its principal place of business in Vancouver, Washington.  According to Gateway's Annual Report with Changes filed with Washington's Secretary of State on July 9, 2020, **DEFREES** was the company's president.

3.      Yacht Harbor LLC ("Yacht Harbor") was a real estate development company incorporated in the State of Oregon with a principal place of business in Portland, Oregon. According to Yacht Harbor's Amended Annual Report filed with Oregon's Secretary of State on December 28, 2020, **DEFREES** was the company's manager.

4.      Riverview Community Bank was a federally insured financial institution headquartered in Vancouver, Washington.

5.      Columbia State Bank was a federally insured financial institution headquartered in Tacoma, Washington.

### COVID Disaster-Relief Loans

6.      The Economic Injury Disaster Loan ("EIDL") program was a Small Business Administration ("SBA") program that provides low-interest financing to small businesses, renters, and homeowners affected by declared disasters.

7.      On March 27, 2020, President Trump signed the Coronavirus Aid, Relief, and Economic Security (CARES) Act into law.  That statute, along with the Coronavirus Preparedness and Response Supplemental Appropriations Act, authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL.

**Indictment**                                                                                          **Page 2**

The amount of any advance was determined by the number of employees on the borrower's payroll. The advances did not have to be repaid.

8.     The CARES Act also created the Paycheck Protection Program ("PPP"), which authorized the SBA to guarantee loans of up to $10,000,000 to qualifying employers without collateral or personal guarantees from the borrowers.  The Act required lenders making loans under the PPP to defer all repayment obligations for not less than six months on such loans and required borrowers to certify, among other things, that the borrowed "funds [would] be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments."

9.     In order to obtain an EIDL or a PPP loan, an applicant was required to provide information about the subject business's operations, such as the date of opening, number of employees, and past revenues.  The applicant was also required to certify that he or she had not suffered any disqualifying criminal convictions and that all the information in the application was true and correct to the best of the applicant's knowledge.

10.     Applications for EIDLs were submitted to the SBA over the Internet, using cloud-based platforms hosted on computer servers in several states.  Before July 11, 2020, applications bearing numbers that began with the digits 36 were routed to servers in the State of Washington.  Beginning on July 11, 2020, all EIDL applications, regardless of number, were routed to servers in the State of Iowa.

11.     PPP loan applications were submitted over the Internet to participating lenders via the SBA's computer servers.  PPP loan applications submitted after January 11, 2021, were routed through servers located in the State of Oregon.

**Indictment**                                                                                     **Page 3**

## COUNTS 1-2
### (Wire Fraud)
### (18 U.S.C. § 1343)

12.     The allegations in paragraphs 1 through 11 of this Indictment are incorporated as though realleged herein.

**THE SCHEME**

13.     From not later than April 2, 2020, and continuing through at least April 4, 2022, defendant **DEFREES** devised and intended to devise a material scheme to defraud the SBA and various financial institutions and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

14.     Specifically, **DEFREES** applied for and obtained EIDLs and PPP loans for Gateway and Yacht Harbor using false borrower information with the intent to steal and to convert the proceeds of those loans to his personal use and without any intent to use the proceeds thereof for any authorized purpose.

**MANNER AND MEANS**

It was part of this scheme that:

15.     On or about April 2, 2020, **DEFREES** applied for an EIDL and advance for Gateway by submitting application number 3600526951 to the SBA from an Internet Protocol ("IP") address in Portland, Oregon.  **DEFREES** indicated on the application that he was the 100% owner of Gateway and answered "No" to the following question: "For any criminal offense—other than a minor vehicle violation—have you ever been convicted, plead[ed] guilty, . . . or been placed on any form of parole or probation?".  **DEFREES** knew that certification to be false.  Based on that and related misrepresentations in the application materials

**Indictment**                                                                                         **Page 4**

about **DEFREES**'s criminal history, the SBA granted the application and funded a $4,000 advance to Gateway on or about April 25, 2020. The SBA then funded EIDL number 91686278-03 in the amount of $150,000, less a $100 application fee, on or about June 11, 2020. The SBA transmitted both sums by wire to Gateway's account number XXXXXXX3584 at Riverview Community Bank.

16.   **DEFREES** sought to increase the amount of the above-described EIDL on three separate occasions. On or about April 26, 2021, **DEFREES** made his first request for an additional $350,000. The SBA eventually approved the request and wired that amount to Riverview Community Bank on or about October 17, 2021, but the bank returned the deposit because the recipient account had been closed. **DEFREES** signed for another $350,000 increase on or about December 21, 2021, directing the funds to a different account. The SBA also granted that request and successfully transmitted the funds the same day. Finally, on or about March 30, 2022, **DEFREES** submitted a proposal for a further $500,000 enlargement of the loan. In support of that proposal, he submitted an SBA Form 4506-T on or about April 4, 2022. SBA rejected that proposal.

17.   **DEFREES** also applied for at least two PPP loans on behalf of Gateway. On or about April 3, 2020, he submitted the first application, number 12813624, to Riverview Community Bank. In that application, **DEFREES** indicated that he was Gateway's 100% owner but answered "No" to the following question: "Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole?" He also answered "No" to this

**Indictment**                                                                                              **Page 5**

question: "Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) Pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgement)?" **DEFREES** knew both answers were false. Based in part on these misrepresentations, Riverview Community Bank approved and funded PPP loan number 51768671-10 in the amount of $103,340.

18.  On or about January 27, 2021, **DEFREES** submitted PPP loan application number 26188551 to Columbia State Bank. In that application, **DEFREES** indicated that he was Gateway's 100% owner but answered "No" to the following question: "Within the last 5 years, for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance, or within the last year, for any other felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; or 4) commenced any form of parole or probation (including probation before judgment)?" **DEFREES** knew that answer to be false. Based in part on that misrepresentation, Columbia State Bank approved and funded PPP loan number 56046185-01 in the amount of $103,335.

19.  **DEFREES** submitted a similarly false EIDL application on behalf of Yacht Harbor. On or about January 6, 2021, he submitted EIDL application number 3316139849 to the SBA from a Portland, Oregon, IP address. That application indicated that **DEFREES** was the 100% owner of Yacht Harbor. He answered "No." in response to the following question: "Within the last five years, for any felony, have you ever been convicted, plead[ed] guilty, . . . or been placed on any form of parole or probation?". **DEFREES** knew that certification was false.

**Indictment**                                                                 **Page 6**

Based on that and related misrepresentations in the application materials about **DEFREES**'s criminal history, the SBA granted the application and funded EIDL number 35187391-00 in the amount of $500,000 on or about March 11, 2022. The SBA transmitted the loan proceeds by wire to an account designated by **DEFREES** at Bank of America.

20. Between June 11, 2020, and March 11, 2022, **DEFREES** fraudulently obtained EIDLs, PPP loans, and an EIDL advance totaling approximately $1,210,675.

## WIRE FRAUD

21. On or about the dates set forth below in each Count, in the District of Oregon and elsewhere, defendant **MICHAEL JAMES DEFREES**, for purposes of attempting to execute and executing the above-described material scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly caused the following communications via interstate wire:

| Count No. | Date | Interstate Transmission |
|-----------|------|-------------------------|
| 1 | April 2, 2020 | EIDL Application No. 3600526951, from State of Oregon to SBA servers in State of Washington. |
| 2 | January 6, 2021 | EIDL Application No. 3316139849, from State of Oregon to SBA servers in State of Iowa. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 3
### (Bank Fraud)
### (18 U.S.C. § 1344)

22. Paragraphs 1 through 11, 17, and 18 of this Indictment are incorporated as though realleged herein.

/ / /

Indictment                                                              Page 7

**THE SCHEME**

23.     From not later than April 3, 2020, and continuing at least through January 27, 2021, defendant **DEFREES** devised and intended to devise a material scheme to obtain funds under the custody or control of various financial institutions by means of materially false and fraudulent pretenses and representations.

24.     Specifically, **DEFREES** applied for and obtained PPP loans totaling at least $206,675 by making materially false representations about his criminal history.

**BANK FRAUD**

25.     On or about January 27, 2021, in the District of Oregon and elsewhere, defendant **MICHAEL JAMES DEFREES** did execute said scheme or artifice to obtain funds under the custody or control of Columbia State Bank, a federally insured financial institution, by means of materially fraudulent pretenses and representations, in that defendant applied for and obtained a PPP loan of $103,335 from Columbia State Bank while knowingly and willfully misrepresenting his own criminal history.

All in violation of Title 18, United States Code, Section 1344(2).

**COUNT 4**
**(Money Laundering)**
**(18 U.S.C. § 1957)**

26.     Paragraphs 1 through 11, and 15 of this Indictment are incorporated as though realleged herein.

27.     On or about June 15, 2020, in the District of Oregon and elsewhere, defendant **MICHAEL JAMES DEFREES** did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in

criminally derived property of a value greater than $10,000, to wit the transfer of $150,000,

comprising the proceeds of EIDL number 91686278-03, from account number XXXXXXX3584,

in the name of Gateway National Corporation, to account number XXXXXXX2702, in the name

of Dollars Corner LLC, at Riverview Community Bank, such property having been derived from

a specified unlawful activity, that is, wire fraud as alleged in Count 1 of this Indictment.

All in violation of Title 18, United States Code, Section 1957.

## FIRST FORFEITURE ALLEGATION

1.      Upon conviction of either wire fraud offense alleged in Counts 1 and 2 of this

Indictment or conviction of the bank fraud offense alleged in Count 3 hereof, defendant shall

forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any

property, real or personal, which constitutes or is derived from proceeds traceable to the offense,

including but not limited to a money judgment for a sum of money equal to the amount of

property involved in or derived from that offense.

2.      If the above-described forfeitable property, as a result of any act or omission of

defendant:

      (a)   cannot be located upon the exercise of due diligence;

      (b)   has been transferred or sold to, or deposited with, a third party;

      (c)   has been placed beyond the jurisdiction of the court;

      (d)   has been substantially diminished in value; or

      (e)   has been commingled with other property which cannot be divided without

          difficulty;

/ / /

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

## SECOND FORFEITURE ALLEGATION

3.        Upon conviction of the money laundering offense alleged in Count 4 of this

Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) any and

all property, real or personal, involved in or derived from said offense and all property traceable

to such property, including but not limited to a money judgment for a sum of money equal to the

amount of property involved in or derived from that offense.

4.        If the above-described forfeitable property, as a result of any act or omission of

defendant:

> (a)    cannot be located upon the exercise of due diligence;
>
> (b)    has been transferred or sold to, or deposited with, a third party;
>
> (c)    has been placed beyond the jurisdiction of the court;
>
> (d)    has been substantially diminished in value; or
>
> (e)    has been commingled with other property which cannot be divided without
>           difficulty;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Indictment**                                                                                                      **Page 10**

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21
U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: May 17, 2022                                   A TRUE BILL.

                                         ████████████████████████████
                                         OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
United States Attorney

RYAN W. BOUNDS, OSB #00012
Assistant United States Attorney

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 3:22-cr-00184-SI |
| MICHAEL JAMES DEFREES | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Michael James Defrees                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Wire Fraud
Bank Fraud
Money Laundering

Date: **05/17/2022**                                                                    **s/D. Norris**
                                                                                            *Issuing officer's signature*

City and State:   **Portland, Oregon**                                          **D. Norris, Deputy Clerk**
                                                                                            *Printed name and title*

| Return | |
|---|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ . | |
| Date: _____ | _____ *Arresting officer's signature* |
| | _____ *Printed name and title* |

## UNITED STATES DISTRICT COURT
## ARIZONA – PHOENIX
### June 16, 2022

**USA v. Michael James Defrees**                    **Case Number: 22-03182MJ-001-PHX-MTM**

### ORDER SETTING CONDITIONS OF RELEASE

☒ **PERSONAL RECOGNIZANCE**
☐ **AMOUNT OF BOND:** Click here to enter text.
    ☐ **UNSECURED**
    ☐ **SECURED BY:** Click here to enter text.
    **SECURITY TO BE POSTED BY:** Click here to enter text.

**NEXT APPEARANCE: to be determined** or as directed through counsel
☒ District of Oregon, Portland Division

Pursuant to 18 U.S.C. § 3142(c)(l)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

**IT IS ORDERED** that defendant is subject to the following conditions and shall:

☒    promise to appear at all proceedings as required and to surrender for service of any sentence imposed.

☒    not commit any federal, state or local crime.

☒    cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☒    IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR to any change in residence address, mailing address and telephone number.

☐    maintain or actively seek employment (combination work/school) and provide proof of such to Pretrial Services.

☐    not travel outside of Arizona unless PRIOR Court or Pretrial Services permission is granted to do so.

☒    only travel directly to the prosecuting district, and through all states and counties between the District of Arizona and the prosecuting district, for Court purposes and lawyer conferences unless PRIOR Court or Pretrial Services permission is granted to travel elsewhere.

☐    avoid all direct or indirect contact with persons who are considered alleged victim(s) or potential witness(es).

☒    shall report as directed to the U.S. PRETRIAL SERVICES 1-800-769-7609 or 602-322-7350; 401 W. Washington St., Suite 260, Phoenix, AZ 85003.

☐    not drive without a valid driver license.

☐    execute an agreement to forfeit the bond or designated property upon failing to appear as required:

☐    be released to the third-party custody of: and shall reside with the third-party custodian unless Pretrial Services approves the defendant to reside elsewhere.

☐    Choose an item. The defendant shall participate in alcohol treatment, submit to alcohol testing and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

☐    not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not

FILED _____ LODGED _____
RECEIVED _____ COPY _____
JUN 16 2022
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**USA v. Michael James Defrees**                                 **Case Number: 22-03182MJ-001-PHX-MTM**

June 16, 2022                                                                                      Page 2 of 3

possess, ingest, or otherwise use a synthetic cannabinoid or synthetic narcotic. The defendant shall participate in drug treatment and submit to drug testing and make copayment toward the cost of such services as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

☒ surrender all travel documents to Pretrial Services by June 21, 2022 and shall not obtain a passport or other travel document during the pendency of these proceedings.

☒ not obtain a passport or other travel documents during the pendency of these proceedings.

☐ maintain or commence an educational program and provide proof of such to Pretrial Services.

☐ not possess or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition.

☐ abide by specified restrictions on personal associations, place of abode or travel.

☒ maintain weekly contact with his/her attorney by Friday, noon of each week.

☐ timely pay his/her monthly child support payments as previously ordered by the subject state court in the total amount of: $.

☒ not obtain any new financial accounts without prior notification and approval of Pretrial Services.

☐ participate in a mental health treatment program and comply with all the treatment requirements including taking all medication prescribed by the mental health care provider and make a copayment toward the cost of such services as directed by Pretrial Services.

☐ resolve all pending lower court matters and provide proof of such to Pretrial Services.

☐ participate in a Specialized Treatment Program and comply with all treatment requirements including taking all medications prescribed by a physician/psychiatrist and make a copayment toward the cost of services as directed by Pretrial Services.

☐ register as a sex offender in compliance with all federal, state, tribal or local laws or as ordered by the court. Failure to comply with registration laws may result in new criminal charges.

☐ reside at an inpatient substance use treatment facility or a halfway house, as deemed appropriate, and shall follow all program requirements including the directions of staff members. The defendant is required to make a copayment toward the cost of services as directed Pretrial Services. The U.S. Marshals Service is authorized, if requested by the program director or an authorized staff member, to remove the defendant from the program for noncompliance at any time to include evenings, weekends and holidays and place the defendant in temporary custody pending court proceedings. Upon completion, the defendant is allowed to reside at a residence approved by Pretrial Services.

### ADVICE OF PENALTIES AND SANCTIONS

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness,

USA v. Michael James Defrees                     Case Number: 22-03182MJ-001-PHX-MTM

**June 16, 2022**                                                        Page 3 of 3

victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**Acknowledgment of Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE: 6/22/22 | SIGNATURE OF DEFENDANT |
|---|---|

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

SIGNATURE OF CUSTODIAN(S)

**Directions to United States Marshal:**

☒ The defendant is ORDERED released after processing.

☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

**The U.S. Marshal is directed to bring the defendant bag and baggage to the Courthouse on   for release from the U.S. Marshals Service office at 8:30 a.m.**

DATE: June 16, 2022

Michael T. Morrissey
United States Magistrate Judge

AUSA, PTS/PROB, USM, DEFT, DEFT ATTY

AZD PS 40 (AZD Rev. 10/12) Notice Regarding United States Passport for Criminal Defendant

# UNITED STATES DISTRICT COURT
for the
## District of Arizona

## NOTICE REGARDING UNITED STATES PASSPORT FOR CRIMINAL DEFENDANT

**TO:** **Office of Legal Affairs, Passport Services**
U.S. Department of State
CA/PPT/L/LA
44132 Mercure Circle
P.O. Box 1243
Sterling, VA 20166-1243

**FROM:** United States Pretrial Services
Sandra Day O'Connor Courthouse, Suite 260
401 W. Washington Street, SPC 8
Phoenix, Arizona 85003-2119
(602) 322-7350
Fax: (602) 322-7380

### Original Notice

**Date:** June 17, 2022

**By:** MH

---

Defendant: Michael James Defrees       Case Number: 0970 2:22-03182M

Date of Birth: ████ 1961       Place of Birth: ████

SSN: ████-8278

---

**Notice of Court Order** (Order Date: June 16, 2022)

☒ The above-named defendant is not permitted to apply for the issuance of a passport and/or passport card during the pendency of this action.

---

**NOTICE OF DISPOSITION**
The above case has been disposed of.

☐ The above order of the court is no longer in effect.

☐ Defendant not convicted – Document returned to defendant.

☐ Defendant not convicted – Document enclosed for further investigation due to evidence that the document may have been issued in a false name.

☐ Defendant convicted – Document and copy of judgment enclosed.

---

**Distribution:**
Original to case file
Department of State
Defendant *(or representative)*
Clerk of Court

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
For the District of Arizona

| | |
|---|---|
| United States of America<br>v.<br><br><br><br>**Michael James Defrees**<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.   **22-03182MJ-001-PHX-MTM**

Charging District:   District of Oregon, Portland Division

Charging District's Case No.   3:22-cr-00184-SI

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| | |
|---|---|
| **Place**: Mark O. Hatfield<br>United States Courthouse<br>1000 SW 3rd Ave., Rm. 740,<br>Portland, OR 97204<br><br>MAGISTRATE JUDGE:<br>TBD | **Courtroom No.:**   TBD |
| | Maintain contact with your attorney. Appear as advised. |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Dated this 17th day of June, 2022.

Honorable Michael T. Morrissey
United States Magistrate Judge